UNITED STATES DISTRICT COURT
DISTRICT OF **NEW JERSEY, NEWARK**
*(The district court for where you are detained)*
---------------------------------------------------------------X

**Martin Yao GAMADO**,
*(your name)*
        Petitioner,

-against-

MICHAEL CHERTOFF, Secretary of the United
States Department of Homeland Security; and
**Ruben PEREZ**, Director of Detention
*(Name of ICE District Director)*
and Removal United States, Immigration and
Customs Enforcement.

        Respondents.
---------------------------------------------------------------X

RECEIVED-CLERK
U.S. DISTRICT COURT

2007 SEP -5  A 11: 43

Index No. **097529629**
*(your alien registration number)*

**07-4217 (JLL)**

## VERIFIED PETITION FOR WRIT OF HABEAS CORPUS

Petitioner, **Martin Yao GAMADO** ("Petitioner"), appearing
*(your name)*

*pro se*, hereby petitions this Court for a writ of habeas corpus and seeks declaratory and injunctive relief to review the lawfulness of his detention by the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE") for more than **SIX (6)** months because ICE has been unable to obtain the travel documents necessary to deport him to **SOUTH AFRICA**. In support of this Petition and Complaint, petitioner alleges as follows:
*(Country)*

### CUSTODY

Petitioner is in the physical custody of respondents and detained at the **BERGEN**
*(Name of jail)*
County Jail in **HACKENSACK**, **NEW JERSEY**.
*(City jail is located)*  *(State)*
pursuant to a contractual agreement with the Department of Homeland Security.

*Created August 4, 2005*          1

## JURISDICTION

2. This action arises under the United States Constitution, the Immigration and Nationality Act of 1952, as amended, 8 U.S.C. § 1101 et seq. (the "Act"), and the Administrative Procedure Act, 5 U.S.C. § 701 et seq. (the "APA").

3. Jurisdiction exists in this Court pursuant to 28 U.S.C. § 2241 et seq., 28 U.S.C. § 1331, the APA, 5 U.S.C. § 701 et seq., the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq., and the All Writs Act, 28 U.S.C. § 1361.

4. Petitioner has exhausted any and all administrative remedies to the extent required by law.

## VENUE

5. Pursuant to Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 493-500 (1973), venue lies in the United States District Court for the District of __NEW JERSEY__ _(State where detained)_ the judicial district in which petitioner is currently detained.

## PARTIES

6. Petitioner is a native and citizen of __TOGO / SOUTH AFRICA__ Petitioner was first taken _(your country)_ into the respondents' custody on __MARCH 5, 2007__, and has remained in their _(date detained by ICE)_ custody continuously since that date.

7. Respondent-defendant MICHAEL CHERTOFF is the duly appointed and confirmed Secretary of the United States Department of Homeland Security, and as such is the official charged with responsibility for the administration of all the functions, powers and duties of the United States Department of Homeland Security, including carrying out or staying any order of exclusion, deportation or removal.

*Created August 4, 2005*  2

8. Respondent-defendant **Ruben Perez** is sued in his official capacity
   *(District Director)*
   as the Director of Detention and Removal, **NEW YORK** District, United States
   *(ICE District with control of your case)*
   Immigration and Customs Enforcement. He is the designate of the Secretary of the
   United States Department of Homeland Security charged with the duty to administer and
   enforce all of the functions, powers, and duties of ICE in **NEW YORK**.
   *(ICE District with control of your case)*

## FACTS

9. Petitioner, **Martin Yao Gamado**, is a native and citizen of
   *(your name)*
   **TOGO / SOUTH AFRICA**.
   *(your country of origin)*

10. Petitioner first entered the United States on or about **SEPTEMBER 26, 2003**
    *(date you entered the United States)*

11. Petitioner *(Choose one)*

    ☐ entered without inspection.

    ☑ entered with a visa and overstayed.

    ☐ entered as a lawful permanent resident or adjusted to a lawful permanent resident

    ☐ entered as an a refugee or was granted asylum.

    ☐ other (specify) _____.

12. An Immigration Judge *(Choose one)*

    ☑ ordered the petitioner removed/deported/excluded on **NOVEMBER 16, 06** on
    *(date of IJ decision)*
    the grounds that s/he

    ☐ entered without inspection.

    ☑ was inadmissible.

    ☐ entered with a visa and overstayed.

*Created August 4, 2005*                                3

☐ had been convicted of a crime which constituted a removable offense pursuant to INA §237 or 212.

☐ granted voluntary departure on _____. Petitioner did not
(date of IJ decision)
depart the United States as required so that the voluntary departure order became a final order of removal/deportation/exclusion as a matter of law on that date.

13. *(Choose one)*

☐ Petitioner waived his right to appeal, thereby making the removal/deportation/exclusion order final as of the date of the immigration judge's decision.

☐ The immigration judge ordered petitioner removed/deported/excluded *in absentia*, thereby making the removal/deportation/exclusion order final as of the date of the immigration judge's decision.

☑ Petitioner reserved but did not file an appeal from the immigration judge's order of removal with the Board of Immigration Appeals, thereby making the removal order final 30 days from the date of the immigration judge's decision.

☐ Petitioner's appeal was denied by the Board of Immigration Appeals on _____ thereby making the removal order
(date of BIA decision)
final as of the date of the Board's decision.

☐ Petitioner's petition for review to the United States Court of Appeals was denied on _____ thereby making the order final 30 days from the date
(date of COA decision)
of the Court of Appeals' decision.

14. Petitioner was taken into custody by ICE on **MARCH 5, 2007** and has been in the
(date in custody)

*Created August 4, 2005*                     4

custody of ICE for more than six months since his/her removal/deportation/exclusion order became final.

15. Petitioner has cooperated fully with all efforts by ICE to remove petitioner from the United States. Specifically, petitioner:

- ☐ has provided identity documents.
- ☑ has provided necessary biographical information.
- ☑ applied for travel documents with his/her embassy or consulate.
- ☑ complied with all demands of ICE.
- ☑ Tried but was unable to provide identity documents because __THEY WERE DESTROYED__ *(explain why you did not have documents)*

16. To date, however, ICE has been unable to remove petitioner to __SOUTH AFRICA__ *(your country of origin)* or any other country.

17. Petitioner's 180 day Custody Review by the Department of Homeland Security Headquarters Post-Order Detention Unit ("HQPDU") in Washington, D.C. was conducted on or about _____ *(Choose one)*
*(corresponding date)*
- ☐ at which time petitioner's release from custody was denied. (A copy of that decision is attached.)
- ☑ but petitioner has not received a decision

18. If released, petitioner will reside at __4811 LILIANE STREET HOUSTON, TX 77007__ *(address where you will live if released)*

19. Additionally, (Use this space to provide any additional important information such as the reason why you think that you cannot be removed to your country or should be released from custody)

On May 24, 2007 my Deportation Officer Francis Kemp took me to them office on 4th Floor where I have talked to South Africa Consulate and Togo Consulate about travel Document and Finally, both Consulates refused to give me travel Document because they did not recognize me as a citizen of them Countries. Now on July 23, 2007 He was going to use False Document to deport me to TOGO. In matter of Fact, I saw the Document and it was not any Togo travel Document. They have lost my personal Valuable property since November 20, 2006 on which I have receipt and where on June 6, 2007 Claim Damage Form S-F-95 was provided to me. They didn't pay me or give me my property and were going to send me without my belongings and without TOGO travel Document.

## COUNT ONE

### (Detention in Violation of the Statute and Regulations)

20. Petitioner repeats and re-alleges the allegations contained in paragraphs 1 through 19 above as though set forth fully herein.

21. Section 241 of the Immigration and Nationality Act permits the detention of an alien with a final order of removal for a period of 90 days. Beyond the statutory period, the Supreme Court has held that six months is a presumptively reasonable period of detention for the government to affect removal. *Zadvydas v. Davis*, 533 U.S. 678, 701 (2001). Once six months have passed, the alien must be released if there is no reasonable likelihood of removal in the reasonably foreseeable future. *Zadvydas*, 533 U.S. at 699-700. In this case, ICE has detained petitioner for more than six months since the issuance of his final order of removal.

22. No special circumstances exist to justify petitioner's continued detention:

    a. Petitioner is not an alien with a "highly contagious disease posing a danger to the public." *See* 8 C.F.R. § 241.14(b).

    b. Petitioner's release would not cause "serious adverse foreign policy consequences." *See* 8 C.F.R. § 241.14(c)(1). There is no indication that Petitioner's release would have "serious adverse" foreign policy consequences.

    c. Petitioner was never and is not now detained on account of security or terrorism concerns. *See* 8 C.F.R. § 241.14(d)(1).

    d. Petitioner has not committed a violent crime as defined in 18 U.S.C. § 16 as would classify him as "specially dangerous." *See* 8 C.F.R. § 241.14(0(I). His/her

*Created August 4, 2005*                                              7

23. release therefore would not pose a special danger to the public. *See* 8 C.F.R. § 241.14(f).

23. Because there is no significant likelihood of removal in the reasonably foreseeable future, and because none of the special circumstances exist here to justify petitioner's continued detention, petitioner must be released under ICE supervision.

## COUNT TWO

### (Substantive Due Process Violation)

24. Petitioner repeats and re-alleges the allegations set forth in paragraphs 1 through 19 as though set forth fully herein.

25. As a person in the United States, petitioner is protected by the Due Process Clause of the Fifth Amendment. ICE has detained petitioner for more than six months since the issuance of his final order of removal. There is no significant likelihood that petitioner's removal will occur in the reasonably foreseeable future. Petitioner does not pose a danger to the community or a risk for flight, and no special circumstances exist to justify his continued detention. As Petitioner is not dangerous, not a flight risk, and cannot be removed, his indefinite detention is not justified and violates substantive due process. *See Zadvydas*, 533 U.S. at 690-91.