**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MARTIN YAO GAMADO, | : | |
| | : | Civil Action No. 07-4217 (JLL) |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| : | | |
| MICHAEL CHERTOFF, et al., | : | |
| | : | |
| Respondents. | : | |

**APPEARANCES:**

Petitioner <u>pro</u> <u>se</u>
Martin Yao Gamado
Bergen County Jail
160 South River Street
Hackensack, NJ 07601

**LINARES**, District Judge.

Petitioner, an alien confined at the Bergen County Jail in Hackensack, New Jersey, submitted for filing to the Clerk of this Court a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241.  Petitioner contends that his indefinite detention in lieu of deportation is unconstitutional.  The named respondents are Secretary of the United States Department of Homeland Security Michael Chertoff and Immigration and Customs Enforcement Director of Detention and Removal Ruben Perez.

Among other things, 28 U.S.C. § 2242 requires the petition for a writ of habeas corpus to allege "the name of the person who has custody over [the petitioner]."  <u>See also</u> 28 U.S.C. § 2243

("The writ, or order to show cause shall be directed to the person having custody of the person detained."). "[T]hese provisions contemplate a proceeding against some person who has the <u>immediate</u> <u>custody</u> of the party detained, with the power to produce the body of such party before the court or judge, that he may be liberated if no sufficient reason is shown to the contrary." <u>Wales v. Whitney</u>, 114 U.S. 564, 574 (1885) (emphasis added).

> In accord with the statutory language and <u>Wales</u>'
> immediate custodian rule, longstanding practice
> confirms that in habeas challenges to present physical
> confinement - "core challenges" - the default rule is
> that the proper respondent is the warden of the
> facility where the prisoner is being held, not the
> Attorney General or some other remote supervisory
> official.

<u>Rumsfield v. Padilla</u>, 542 U.S. 426, 435-36 (2004) (citations omitted).[1]

In the context of alien detainees, the Court of Appeals for the Third Circuit has held,

> It is the warden of the prison or the facility where
> the detainee is held that is considered the custodian
> for purposes of a habeas action.  This is because it is

---

[1] In <u>Padilla</u>, the Supreme Court also noted (1) the open question whether the Attorney General is a proper respondent to a habeas petition filed by an alien detained pending deportation and (2) the implicit exception to the immediate custodian rule in the military context where an American citizen is detained outside the territorial jurisdiction of any district court.  542 U.S. at 435-36, n.8, 9.  As noted below, the Court of Appeals for the Third Circuit has held that the immediate custodian rule applies to habeas petitions filed by aliens.  <u>See</u> <u>Yi v. Maugans</u>, 24 F.3d 500, 507 (3d Cir. 1994).

the warden that has day-to-day control over the
prisoner and who can produce the actual body.

Yi v. Maugans, 24 F.3d 500, 507 (3d Cir. 1994)(internal citations
omitted).  Thus, under the circumstances of this case, the warden
of the facility where the petitioner is held is an indispensable
party respondent, for want of whose presence the petition must be
dismissed.

Pursuant to 28 U.S.C. § 2241, United States district courts
have power to issue writs of habeas corpus "within their
respective jurisdictions."  See also Zadvydas v. Davis, 533 U.S.
678, 688 (2001) ("We conclude that § 2241 habeas corpus
proceedings remain available as a forum for statutory and
constitutional challenges to post-removal-period detention.").
Thus, the court issuing the writ must be able to exercise
personal jurisdiction over the custodian of the petitioner.  See
Braden v. 30th Judicial Circuit Court, 410 U.S. 484, 494-95, 500
(1973) (requiring jurisdiction over prisoner's custodian).

> The proviso that district courts may issue the writ
> only "within their respective jurisdictions" forms an
> important corollary to the immediate custodian rule in
> challenges to present physical custody under § 2241.
> Together they compose a simple rule that has been
> consistently applied in the lower courts, including in
> the context of military detentions: Whenever a § 2241
> habeas petitioner seeks to challenge his present
> physical custody within the United States, he should
> name his warden as respondent and file the petition in
> the district of confinement.

Padilla, 542 U.S. at 446-47 (citations and footnote omitted).

A federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief.  See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989).  See also 28 U.S.C. § 2243.  Accordingly, since Petitioner failed to name the warden of the facility in which he is confined as a respondent, and the warden is an indispensable party, Petitioner is directed to file an amended petition naming the warden of the facility in which he is confined as a party respondent.

Further, it appears to the Court that Petitioner failed to sign the petition as required by 28 U.S.C. § 2242.  Accordingly, Petitioner is directed to sign the amended petition when filed with this Court.

## CONCLUSION

For the reasons stated herein, Petitioner may file a signed and verified amended with this Court naming the warden of the facility in which he is confined as a party respondent within 30 days.  If Petitioner fails to do so, the Court will enter an Order dismissing the Petition without prejudice for failure to comply with the requirement that the petition be signed and verified and for failure to name an indispensable party.


DATED: September 18, 2007            /s/ Jose L. Linares
                                     United States District Judge